**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| T-Mobile West Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael M. Crow, et al.,<br><br>    Defendants. | No. CV08-1337-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's (1) Motion to Allow the Expert Witness Designation of Dr. Hal J. Singer in Light of the Court's Order of December 17, 2009 and (2) Opposition to NextG Defendants' Objection to the Expert Report of Daniel Paul. (Doc. # 142).

**Expert Witness Designation of Dr. Singer.** T-Mobile moves to amend the Scheduling Order to permit its designation of Dr. Singer as an expert witness to provide testimony regarding the economic implications of the Campus Use Agreement between ASU and NextG related to T-Mobile's First Claim for Relief (Violation of 47 U.S.C. § 201(b)). On September 11, 2009, T-Mobile timely disclosed two employee expert witnesses, Chris Donnelly and Daniel Paul, who were not required to produce written reports. *See* Fed. R. Civ. P. 26(a)(2)(B). On February 17, 2010, T-Mobile informed Defendants that it intended to withdraw its expert designation for employee Chris Donnelly and to request leave to introduce the expert testimony of non-employee Dr.

Singer. On February 19, 2010, T-Mobile served responses and objections to the ASU Defendants' first set of interrogatories and second set of requests for production of documents, which included further detail regarding Dr. Singer's qualifications and contemplated testimony and also a written report by Daniel Paul. On March 8, 2010, T-Mobile disclosed Dr. Singer's report to Defendants.

The December 17, 2009 Order does not make Dr. Singer's economic testimony necessary to prove a violation of 47 U.S.C. § 201(b). The Order states, "T-Mobile does not contend that using NextG's DAS will place it at a competitive disadvantage or limit consumer choice," only to show what was not disputed. (Doc. # 128 at 16.) The Order does not require T-Mobile to show that the Campus Use Agreement limits consumer choice or adversely affects competition among wireless service providers or mean that T-Mobile would prevail on its claim under § 201(b) if it were to show limited consumer choice or adversely affected competition. (*Id.*) Rather, it expressly requires that T-Mobile show that the Campus Use Agreement "in any way restrict[s] the right of [ASU] to permit any other common carrier to access and serve [] tenants on [ASU's] premises." *See* 47 C.F.R. § 64.2500. As the December 17, 2009 Order stated:

> To prevail on its motion for summary judgment, T-Mobile must show that, as a matter of law, granting NextG the exclusive right to place new cell sites and fiber-based distributed antenna systems restricts the Arizona Board of Regents' right to permit some wireless carriers to access and serve Tempe Campus tenants.

(Doc. # 128 at 16.) The Distributed Antenna System, as proposed by NextG, is supposed to provide "ubiquitous and robust outdoor wireless coverage for all current and future carrier frequencies and maximum in-building wireless penetration when designed according to each particular operator's requirements." If it does, the Campus Use Agreement will not restrict ASU's right to permit any wireless carrier to access and serve Tempe Campus tenants. Dr. Singer's proposed expert report consists of broad, general opinions that do not directly address the issues relevant to deciding whether the Campus Use Agreement violates § 201(b).

1  Defendants identified their experts and their experts prepared reports in reliance on T-Mobile's September 11, 2009 disclosure of employee experts. Permitting T-Mobile to designate Dr. Singer as an expert witness would cause Defendants additional legal expense not justified by the minimal probative value of his proposed testimony. Therefore, T-Mobile's motion to amend the Scheduling Order to permit its designation of Dr. Singer as an expert witness to provide testimony regarding the economic implications of the Campus Use Agreement will be denied.

**Daniel Paul's Expert Report.** Fed. R. Civ. P. 26(a)(2)(B) requires production of written reports by an expert witness "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Daniel Paul is an employee whose duties do not regularly involve giving expert testimony and is not required to produce an expert report under Rule 26(a)(2)(B). The Court will overrule the objection to Daniel Paul's employee expert testimony for failure to produce a written report by the deadline for retained experts' reports.

IT IS THEREFORE ORDERED that Plaintiff's (1) Motion to Allow the Expert Witness Designation of Dr. Hal J. Singer in Light of the Court's Order of December 17, 2009 and (2) Opposition to NextG Defendants' Objection to the Expert Report of Daniel Paul (doc. # 142) is granted in part and denied in part.

IT IS FURTHER ORDERED that Plaintiff's motion to amend the Scheduling Order to permit its designation of Dr. Singer as an expert witness is denied.

IT IS FURTHER ORDERED that Defendants' objection to Daniel Paul's expert testimony for failure to produce a written report by the deadline for retained experts' reports is overruled.

Dated: April 23, 2010.

_____
Neil V. Wake
United States District Judge